Smith *v.* Dennis.

------◆------

### Smith v. Dennis.

1. When the sheriff takes insufficient bail, and on motion of the plaintiff he is substituted for the bail so taken by him, the bail is entitled, on motion, to have an *exoneretur* entered on the bail piece.

Error to the Circuit Court of Barbour.

THE Court below, on motion, discharged the bail which had been taken in a suit of the plaintiff in error v. one McMahan, supposing that the bail was discharged by the act of 1839, abolishing imprisonment for debt. From which judgment the plaintiff prosecutes this writ of error.

J. GILL SHORTER, attorney for plaintiff in error.
BUFORD, contra.

Smith *v.* Dennis.

ORMOND, J.—In discharging the bail for the cause assigned, the Court no doubt erred, as was determined by this Court, in the case of Kennedy v. Rice, 1 Ala. Rep. N. S. 11; it is, however, insisted by the counsel for the defendant in error, that conceding it to be erroneous, the plaintiff in error cannot be heard, to controvert it, as he has no interest in the matter.

It appears from the record, that at the return term, the plaintiff gave notice to the sheriff of the insufficiency of the bail taken by him, and that a motion would be made to the Court to substitute him as bail. Upon the hearing of this motion, the Court declared the bail bond taken by the sheriff, insufficient, and that the sheriff be taken and held as special bail.

The effect of this judgment is a substitution of the sheriff for the bail taken by him. The language of the act is, "that the sheriff shall be deemed and stand as special bail, and the plaintiff may proceed to judgment against such sheriff or other officer, as in other cases, against special bail."

The substitution of the sheriff as bail, for the bail returned by him, must have the effect, so far as the principal is concerned, of discharging the bail. Where bail are excepted to, and do not justify, they are discharged, nor will the plaintiff be allowed to waive the exception after the expiration of the time within which the bail may justify. Thorb v. Faulkner, 2 Cowen, 514. See, also, 1 Cowen, 54, 56; 4 Johns. 185; 4 Burrows, 2107. Without going the length of this authority, it is sufficient to say, that as the bail was held insufficient, and the sheriff substituted therefor, the bail is entitled to have an *exoneretur* entered on the bail piece, and the judgment must therefore be affirmed.